IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



UNITED STATES OF AMERICA

v.                                              CRIMINAL NO. 1:17cr112 HSO-JCG

DONALD ERIC MCROY and                           21 U.S.C. § 846
ROBYN PAIGE KISLING                             21 U.S.C. § 841(a)(1)

**The Grand Jury charges:**

COUNT 1

That beginning sometime in 2015 and continuing up to the date of this indictment, in Jackson County, in the Southern Division of the Southern District of Mississippi, and elsewhere, the defendant, **DONALD ERIC MCROY and ROBYN PAIGE KISLING**, did knowingly and intentionally conspire with each other and others both known and unknown to the Grand Jury, to possess with intent to distribute heroin, a Schedule I narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code.

All in violation of Section 846, Title 21, United States Code.

**QUANTITY OF CONTROLLED SUBSTANCES INVOLVED IN THE CONSPIRACY**

With respect to **DONALD ERIC MCROY**, the amount involved in the conspiracy attributable to him as a result of his conduct, and the conduct of other conspirators reasonably foreseeable to him, is 1 kilogram or more of a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(b)(1)(A).

With respect to **ROBYN PAIGE KISLING**, the amount involved in the conspiracy attributable to her as a result of her conduct, and the conduct of other conspirators reasonably foreseeable to her, is a detectable amount of heroin, in violation of Title 21, United States Code, Sections 841(b)(1)(C).

COUNT 2

That on about February 10, 2016, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **DONALD ERIC MCROY**, aided and abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of heroin, a Schedule I narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 3

That on about March 8, 2016, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **DONALD ERIC MCROY and ROBYN PAIGE KISLING**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of heroin, a Schedule I narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 4

That on about April 19, 2016, in Jackson County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendants, **DONALD ERIC MCROY and ROBYN PAIGE KISLING**, aided and abetted by each other and others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of heroin, a Schedule I narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, Title 21, United States Code, and Section 2, Title 18, United States Code.

COUNT 5

That on about July 20, 2016, in Harrison County, in the Southern Division of the Southern District of Mississippi and elsewhere, the defendant, **DONALD ERIC MCROY**, aided and

abetted by others known and unknown to the Grand Jury, did knowingly and intentionally possess with intent to distribute a detectable amount of heroin, a Schedule I narcotic drug controlled substance, as prohibited by Section 841(a)(1), Title 21, United States Code, Title 21, United States Code, and Section 2, Title 18, United States Code.

### NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offenses as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offenses, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offenses. Further, if any property described above, as a result of any act or omission of the defendants: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendants, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 853, Title 21, United States Code.

_____ for
D. MICHAEL HURST, JR.
United States Attorney

A TRUE BILL:

s/signature redacted
Foreperson of the Grand Jury

This indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the 18th day of October, 2017.

_____
UNITED STATES DISTRICT JUDGE

3