IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.

CRIMINAL NO. 1:17cr112 HSO-JCG

DONALD ERIC MCROY

**GOVERNMENT'S NOTICE OF ITS INTENT
TO OFFER EVIDENCE OF OTHER ACTS**

Comes now the United States of America, by John Meynardie, Assistant United States

Attorney, and pursuant to Rule 404(b), Federal Rules of Evidence, files its Notice of Intent to

Offer Evidence of Other Acts.

## I.  NOTICE

The defendant, Donald Eric McRoy, is charged in a five-count indictment with

conspiracy to possess with intent to distribute heroin and four counts of possessing with intent to

distribute heroin.  The government is presently aware of the following:

1) During the course of this conspiracy, beginning in 2015, the defendant used, among

   others, a female to distribute his heroin.  That individual would, in 2016, become a

   confidential informant (hereafter "CI").  On four separate occasions the CI purchased

   heroin from McRoy or from another individual acting on McRoy's behalf.

2) The government expects there to be testimony concerning a sexual relationship between

   the defendant and the CI prior to the CI becoming an informant.

1

3) The government further expects that that testimony will be that on two separate occasions the defendant, knowing that the CI was a heroin user and addicted to that substance, refused to supply her with it unless she had sexual relations with him.

4) The government further expects that there will be testimony that the defendant on two other occasions attempted to sexually assault the defendant.

This evidence is highly probative of the defendant's motive, opportunity, preparation, planning, knowledge, intent and lack of mistake for committing the offenses charged. As such, the government will seek to introduce this evidence during its case-in-chief.

## II. DISCUSSION

### A.    <u>Factual Background</u>

The government believes this evidence is in fact intrinsic or "intertwined" evidence, however in an abundance of caution the government submits this notice. The defendant has entered a plea of not guilty and thus the government must prove the defendant guilty beyond a reasonable doubt. In order to carry its burden, the government will seek to introduce the evidence identified in paragraphs 1 through 4 of this notice pursuant to Rule 404(b). As explained in subsequent paragraphs, this evidence is relevant evidence in that it shows his intent to commit the charged crimes, provides motive for the commission of those offenses, demonstrates knowledge, absence of mistake and plan. The government will also seek to introduce this evidence as intrinsic or "intertwined" evidence. It is the intention of the government to offer this evidence during its case-in-chief.

### B.    <u>Legal Analysis</u>

Rule 404(b) of the Federal Rules of Evidence provides:

> Other crimes, wrongs, or acts.  Evidence of other crimes, wrongs,
> or acts is not admissible to prove that character of a person in order
> to show that he acted in conformity therewith.  It may, however, be
> admissible for other purposes, such as proof of motive,
> opportunity, intent, preparation, plan, knowledge, identity, or
> absence of mistake or accident . . .

Evidence of other crimes or wrongful acts has been properly admitted under this provision to prove intent, United States v. Rice, 607 F.3d 133, 141 (5th Cir. 2010); United States v. Booker, 334 F.3d 406, 411-412 (5th Cir. 2003); United States v. Campbell, 49 F.3d 1079, 1084 (5th Cir. 1994); United States v. Wallace, 32 F.3d 921, 927-928 (5th Cir. 1994); absence of mistake or accident, United States v. Sanders, 343 F.2d 511, 519 (5th Cir.2003); United States v. Robles-Vertiz, 155 F.3d 725, 730 (5th Cir. 1998); common scheme or plan, United States v. LeBaron, 156 F.3d 621, 625 (5th Cir. 1998); United States v. Baker, 82 F.3d 273, 276 (8th Cir. 1996); planning or preparation, United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975); United States v. Calvert, 523 F.2d 895, 907 (8th Cir. 1975); modus operandi, United States v. Guerrero, 169 F.3d 933, 939 (5th Cir. 1999); United States v. Bailey, 111 F.3d 1229, 1233-1234 (5th Cir. 1997); United States v. Ortega-Chavez, 682 F.2d 1086, 1091 n.6 (5th Cir. 1982); United States v. Davis, 551 F.2d 233, 234 (8th Cir. 1977); opportunity, United States v. Emmanuel, 112 F.3d 977, 980 (8th Cir. 1997); knowledge, United States v. Crawley, 533 F.3d 349, 353-355 (5th Cir. 2008); United States v. Duffant, 314 F.3d 203, 209-210 (5th Cir. 2002), identity, United States v. Guerrero, 169 F.3d at 939; United States v. Bailey, 111 F.3d at 1233-1234, and motive, United States v. Benton, 637 F.2d 1052, 1056-1057 (5th Cir. 1982); United States v. Templeton, 624 F.3d 215, 222 (5th Cir. 2010); United States v. Kadouk, 592 F.2d 877, 880 (5th Cir. 1979); United States v. Holley, 23 F.2d 902 (5th Cir. 1994).  In this case, the evidence occurred during

the conspiracy and was part of the means of accomplishing the conspiracy.  Nevertheless, such evidence is admissible even if it had consisted of acts committed subsequent to the offense charged in the indictment.  United States v Brugman, 364 F.3d 613, 620-621 (5th Cir. 2004); United States v. Peterson, 244 F.3d 385, 392-393 (5th Cir. 2002). The activity admitted under this section need not have resulted in a conviction, United States v. Nolan, 551 F.2d 266, 271 (10th Cir.1977), nor in the lodging of a criminal charge.  United States v. Fowler, 735 F.2d 823, 830 (5th Cir. 1984).  Indeed, Rule 404(b) refers not merely to "other crimes" but to "other crimes, wrongs or acts."  Thus, the behavior need not be criminal. United States v. Cavin, 39 F.3d 1299, 1311 (5th Cir. 1994); United States v. Normandean, 800 F.2d 953, 956 (9th Cir. 1986).  Rule 404(b) is a "rule of inclusion, [whereby] evidence of other acts relevant to a trial issue [is admitted] except where such evidence tends to only prove criminal disposition."[1]  United States v. Shaw, 701 F.2d 367, 386 (5th Cir. 1983) (internal citations omitted).  The government is

---

[1]  In addition to the Fifth Circuit, every other federal circuit court has also emphasized that Rule 404(b) is a rule of inclusion that favors the admission of relevant extrinsic evidence.  *See* United States v. Bowie, 232 F.3d 923, 929-30 (D.C. Cir. 2000) ("Rule 404(b) is a rule of inclusion rather than exclusion. Although the first sentence of Rule 404(b) is framed restrictively, the rule itself is quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character.") (internal quotations omitted); United States v. Carty, 993 F.2d 1005, 1011 (1st Cir. 1993) ("Rule 404(b) is a rule of inclusion, not exclusion"); United States v. Lyles, 593 F.2d 182, 195 (2nd Cir. 1979) ("this Court has reaffirmed its commitment to the inclusory form of the similar act evidence rule"); United States v. Jamal, 26 F.3d 1267, 1272 (3rd Cir. 1994) ("We have recognized that Rule 404(b) is a rule of inclusion rather than of exclusion."); United States v. Weaver, 282 F.3d 302, 313 (4th Cir. 2002) (same); United States v. Myers, 102 F.3d 227, 234 (6th Cir. 1996) (same); United States v. Jordan, 722 F.2d 353, 356 (7th Cir. 1983) ("The draftsmen of Rule 404(b) intended it to be construed as one of inclusion, and not exclusion.  They intended to emphasize the admissibility of other crime evidence.") (internal quotations omitted); United States v. Jones, 255 F.3d 916, 919 (8th Cir. 2001) ("Rule 404(b) ... is a rule of inclusion."); United States v. Castillo, 181 F.3d 1129, 1134 (9th Cir. 1999) (same); United States v. Segien, 114 F.3d 1014, 1022 (10th Cir. 1997) (same); United States v. Cohen, 888 F.2d 770, 776 (11th Cir. 1989) ("The rule is one of inclusion which allows such evidence unless it tends to prove only criminal propensity.").

permitted to introduce other acts or crimes evidence during its case-in-chief. *See* United States v. Beechum, 582 F.2d 898, 915 (5th Cir. 1978); United States v. Thomas, 58 F.3d 1318, 1320 (8th Cir. 1995), United States v. Misher, 99 F.3d 664, 670 (1996).  In United States v. Hamilton, 684 F.2d 380 (6th Cir.1982), the defendant challenged the government's introduction of evidence, during its case-in-chief, that the defendant had uttered an altered obligation of the United States one year prior to the incidents involved in the case.  In affirming the defendant's conviction, the Court said:

> We find that the evidence of the prior act was properly admitted to show intent and identity.  Hamilton contends that intent was not "in issue" because he had not actively contested intent.  We disagree.  18 U.S.C. § 472 requires the government to prove that the defendant passed the altered bills with the intent to defraud and the defendant in this case did not concede the issue of intent in any way. "Faced with a plea of not guilty, the prosecution is under no obligation to wait and see whether the defendant argues the non-existence of an element of crime before the prosecution presents evidence establishing that element." (citations omitted) . . . Indeed, the government has an affirmative burden to prove every element of the crime beyond a reasonable doubt.  (emphasis added).

684 F.2d at 384.  Likewise, the Fifth Circuit in United States v. Rentaria, 625 F.2d 1279, 1282 (5th Cir. 1980), upheld the government's introduction of extrinsic evidence of a cocaine offense during its case-in-chief, reasoning that "[s]uch proof would have to be offered during the case-in-chief because if the defendant offered no evidence there would be no opportunity to offer evidence in rebuttal." *See also* United States v. Buchanan, 633 F.2d 423, 426 (5th Cir. 1980).

The Fifth Circuit in United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (*en banc*), outlined a two-pronged test governing the admissibility of extrinsic offenses, acts and other wrongs.  Regardless of whether the other crime, wrong or act occurred before or after the offense charged, the principles governing admissibility are the same.  United States v. Beechum,

582 F.2d at 903 n.1.  Under <u>Beechum</u>, the trial court must first conclude the extrinsic evidence is relevant to an issue other than the defendant's character and then conclude the probative value of the extrinsic offense evidence outweighs the danger of unfair prejudice to the defendant.  582 F.2d at 911.  The Fifth Circuit reaffirmed this two-part test in <u>United States v. Williams</u>, 900 F.2d 823, 825 (5th Cir. 1990) and provided the following guidance:

> First, it must be determined that the extrinsic offense evidence is relevant to an issue other than the defendant's character.  Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice and must meet the other requirements of Rule 403....

Initially, the government must establish that the defendant committed the extrinsic offense, and Rule 104(b) dictates the level of proof needed to ensure admissibility:

> *Relevancy conditioned on fact*.  When the relevancy of evidence depends upon the fulfillment of a condition of fact, the Court shall admit it upon or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.

If a jury could reasonably find the existence of the preliminary fact, then the evidence should be admitted.  *See,* <u>Huddleston v. United States</u>, 485 U.S. 681, 689-690 (1988)*;* <u>United States v. Colvin</u>, 614 F.2d 44, 45 (5th Cir.1980) ("the preliminary fact can be decided against the proponent only where the jury could not reasonably find the preliminary fact to exist").  Thus, as long as a reasonable fact-finder could conclude the defendant committed the extrinsic offense, the government has met its burden.  In fact, the uncorroborated testimony of an immunized co-conspirator can satisfy the standard delineated in Rule 104(b).  *See* <u>United States v. Trevino</u>, 565 F.2d 1317, 1319 (5th Cir. 1978).  The role of the trial court is only to decide if the jury could have found the facts by a preponderance of the evidence given the proofs at trial.  <u>United States v.</u>

Bermea, 30 F.3d 1539, 1562 (5th Cir. 1994).  *See also,* Huddleston v. United States, 485 U.S. at 689-690; United States v. Beechum, 582 F.2d at 913.  The decision to allow such evidence will only be overturned where there is an abuse of discretion. *See* United States v. Maggitt, 784 F.2d 590, 597 (5th Cir. 1986).

The Fifth Circuit has also recognized that evidence consisting of other crimes is properly admitted where the evidence is inextricably bound to or intertwined with the offense charged. United States v. Watkins, 591 F.3d 780, 784 (5th Cir. 2010); United States v. Blewitt, 538 F.2d 1099, 1101 (5th Cir. 1976).  This evidence is deemed intrinsic and not extrinsic.  The admission of such evidence is sometimes called the res gestae exception. United States v. Blewitt, 538 F.2d at 1101.  "Evidence of bad acts is 'intrinsic' to a charged crime when the evidence of the other act and the evidence of the crime charged are 'inextricably intertwined' or both acts are part of a 'single criminal episode' or the other acts were 'necessary preliminaries to the crime charged.'" United States v. Watkins, 591 F.3d at 784.  As such, it is admitted as any other evidence and not under the provisions of Rule 404(b). United States v. Sudeen, 434 F.3d 384, 388-389 (5th Cir. 2005); United States v. Manning, 79 F.3d 212, 218 (1st Cir. 1996).  Similarly, other crimes evidence is properly allowed where it is offered to prove an ongoing or continuing plan or scheme or to show the development of a course of conduct that led to the commission of the charged offense.  United States v. Brown, 956 F.2d 782, 786-787 (8th Cir. 1992); United States v. Adcock, 558 F.2d 397, 401 (8th Cir. 1977).  *See generally* Cissel, James C., Federal Criminal Trials, 8th Ed., 15-4[b][5] (2013).  A jury is entitled to know the circumstances and background of the crime charged and cannot be expected to make its decision in a void without such knowledge of the facts.  United States v. Moore, 735 F.2d 289, 292 (8th Cir. 1984).

In this case, during the purchases of heroin from McRoy, he explicitly comments on the fact that he has had sexual relations in the past with the CI and states that he was given advice from someone else that despite his hesitancy to deal with her, he should sell her the heroin because of these past encounters.[2]

## C.    <u>Application of Law to the Facts</u>

The first determination that must be made is whether the proffered evidence is intrinsic or extrinsic.  Because the defendant several times mentions his past sexual encounters with the CI, the government intends to ask the CI to describe their relationship.  At one point, McRoy states that his motivation for selling her the drugs is based on this relationship.  The truth of that relationship is intrinsically bound into the offenses that McRoy committed.  *See* <u>United States v. Adcock</u>, 558 F.2d at 401.  It completes the picture and provides the jury with a fuller understanding of what occurred.[3]

### 1.    Probative Value Exceeds Danger of Unfair Prejudice

If it is determined the evidence proffered is relevant to an issue other than the defendant's character, the trial court is required to perform a balancing test under Rule 403, Fed. R. Evid. <u>United States v. Beechum</u>, 582 F.2d at 911; <u>see also</u> <u>United States v. Loveless</u>, 139 F.3d 587,

---

2  During the buy on February 10, 2016 (Count 2), McRoy says "I had a conference call with my uncle and my people and they were like, 'well, how you feel about it?' I said, 'you know what,' I said, 'I'm just going to be point blank.' 'Are you f***ing her?' And my uncle said, 'just answer this question.' I said 'yes I am.'  He said, 'serve her the dope.'" Trial Exhibit 1e, line 51.

3  The Fourth Circuit, in approving the res gestae exception, noted that evidence of other crimes is admissible when it "furnishes part of the context of the crime or is necessary to a full presentation of the case or is so intimately connected with and explanatory of the crime charged against the defendant and is so much a part of the setting of the case and its environment that its proof is appropriate in order to complete the story of the crime on trial by proving its immediate context."  The Court further recognized that the jury is entitled to know the setting of the case. <u>United States v. Master</u>, 622 F.2d 83, 85 (4th Cir. 1980).

592 (8th Cir. 1998).  This rule provides that evidence, though relevant, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or would mislead the jury.  The balancing test involves a "common sense" assessment of all the circumstances surrounding the extrinsic offense.  "Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was *with ensuring that restrictions would not be placed on the admission of such evidence*."  Huddleston, 485 U.S. at 688-89 (emphasis added).  Before a court may exclude extrinsic evidence, it must find that the danger of unfair prejudice substantially outweighs the incremental probative value of the evidence.  Beechum, 582 F.2d at 911; Accord United States v. Grimes, 244 F.3d 375, 385 (5th Cir 2001); United States v. Silva, 748 F.2d 262, 262 (5th Cir.1984).  Unfair prejudice, as used in Rule 403, Fed. R. Evid., is not simply evidence which is adverse to the opposing party since all evidence is prejudicial or it would not be relevant; the prejudice must be unfair. 2 Weinstein's Evidence, § 403.04[1][a], 10th Ed., 2014.  The Advisory Committee Notes to the rule define unfair prejudice as meaning "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one."  Rule 403, Advisory Committee Notes, 1972 Proposed Rules.  Evidence that might appeal to a jury's sympathies, arouse its sense of horror or instinct to punish or which triggers other similar type responses may qualify as unfairly prejudicial. See 2 Weinstein's Evidence, § 403.04[1][b],[c].  Beechum suggests that unless the extrinsic act or offense is of such "a heinous nature" and would "incite the jury to irrational decision by its force on human emotion," the evidence should be admitted. 582 F.2d at 917.  The Fifth Circuit has warned that because the danger of prejudice is always present, "exclusion of

extrinsic evidence based on its prejudicial effect should occur only sparingly." <u>United States v.</u>

<u>Garza</u>, 118 F.3d 278, 284 (5th Cir. 1997).

### III.  <u>CONCLUSION</u>

Accordingly, for the foregoing reasons and authorities, the other acts evidence identified

in this notice should be admitted.

This 17th day of July, 2018

<div style="margin-left:40%">

Respectfully submitted,

D. MICHAEL HURST, JR.
United States Attorney

By:   s/ *John Meynardie*
John Meynardie
Assistant U.S. Attorney
1575 20th Avenue, 2nd Floor
Gulfport, MS 39501
Ph:  228-563-1560
MSB# 9912

</div>

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2018, I electronically filed the foregoing with the Clerk of the

Court using the ECF system which sent notification of such filing to the following:

   Stand by Attorney for the Defendant


                              s/ *John Meynardie*
                               John Meynardie
                               Assistant United States Attorney
                               No.: 9912